**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1068
_____

JEROME C. KIDD,
                    Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-18-cv-05626)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2019

Before: KRAUSE, MATEY, *Circuit Judges*,
and QUIÑONES ALEJANDRO,* *District Judge.*

(Filed: October 4, 2019)
_____

OPINION†
_____

_____

\* Honorable Nitza I. Quiñones Alejandro, District Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by designation.
† This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

MATEY, *Circuit Judge*.

Jerome Kidd appeals the District Court's opinion affirming the Social Security Administration's denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. We conclude the administrative decision lacked substantial evidence and required the guidance of a medical advisor. So we vacate and remand.

## I. BACKGROUND

Kidd suffers from major depressive disorder and bipolar II disorder. As his symptoms progressed, Kidd was hospitalized while experiencing suicidal ideation in 2003 and 2007. A few years later, he spent two weeks in an inpatient program and earned a prognosis of "[f]air with compliance." (A.R. 409–10.) But his condition worsened, leading him to an emergency room in February 2014, where he was treated again for depression and suicidal ideation. As a result, Kidd began receiving intensive outpatient treatment. Around that time, Dr. Sarala C. Mundassery evaluated Kidd and determined that he was disabled and would be unable to work for at least one year. Kidd continues to receive intensive outpatient treatment. While he can perform simple tasks, he has trouble with his "attention span" and cannot "stay occupied on the very same thing for very long." (A.R. 66.)

Kidd applied *pro se* for disability insurance benefits in March 2014, asserting that his "disability began on February 27, 2014," following Dr. Mundassery's evaluation. (A.R. 256.) Kidd's initial claim was denied, and he requested a hearing before an

2

Administrative Law Judge ("ALJ"). With the benefit of counsel, Kidd amended his petition to allege that his disability began much earlier—on January 1, 2009—the date he was last engaged in substantial gainful work. After reviewing Kidd's medical records and hearing testimony from both Kidd and a vocational expert, the ALJ found that Kidd "was not disabled prior to February 27, 2014, but became disabled on that date and has continued to be disabled through the date of this decision." (A.R. 28.)

Kidd sought judicial review under 42 U.S.C. § 405(g), asserting that the February 2014 onset date was unsupported by the record and that his onset date should instead be January 1, 2009. He also argued that the ALJ needed to retain a medical advisor. The District Court disagreed with the need for a medical advisor and found Kidd's proposed onset date "contrary to the medical record." *Kidd v. Berryhill*, No. 18-5626 (FLW), 2018 WL 5874100, at *12 (D.N.J. Nov. 9, 2018). Kidd timely appealed.

## II. THE COMMISSIONER'S DECISION LACKS SUBSTANTIAL EVIDENCE, AND THE RECORD WARRANTED A MEDICAL ADVISOR

We have jurisdiction to review final decisions of district courts under 28 U.S.C. § 1291, and under 42 U.S.C. § 405(g), which provides district courts with jurisdiction to review final determinations of the Social Security Commissioner. The scope of our review is limited. Like the District Court, we review social security decisions only to ensure that the proper legal standards were applied and that the record provides substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552–55 (3d Cir. 2005). To meet this latter standard, the Commissioner must show that the ALJ's decision was supported by "such

3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).

## A. Kidd's Disability Date Depends on Ambiguous Testimony

Kidd first argues that the ALJ's finding that his disability began on February 27, 2014, is unsupported by substantial evidence. In particular, he notes that the only difference between the ALJ's findings on his capacity before and after February 27, 2014, is that after that date he had been "expected to be off task or need to be redirected at least 15% of the day over and above normal work breaks or absent 2 or more days per month." (Appellant's Br. 15 (quoting A.R. 25).) We agree that the ALJ's determination is unsupported by substantial evidence.

First, the ALJ placed great weight on Kidd's hearing testimony that he could not find work while homeless, concluding that his lack of housing, not his disability, caused his unemployment. But Kidd explained that he "was too unstable then to work." (A.R. 60). That ambiguity cannot be resolved against Kidd because it is insufficient for "a reasonable mind [to] accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (citation omitted). Second, the ALJ relied on Dr. Mundassery's opinion that Kidd had a disability as of February 27, 2014. Even so, this opinion offers no conclusion on Kidd's disability before that date and does not help decide whether the onset date was earlier than February 27, 2014.

Finally, the ALJ misconstrues Kidd's hearing testimony. When questioned whether Kidd's difficulties had "been a problem [his] whole life, or [are they] a more recent problem," Kidd responded that his deficiencies in attention and concentration were

4

"recent problem[s]." (A.R. 66.) Yet his answer could easily suggest that the severity and frequency increased over time. So while Kidd's answer might show he has not suffered from a disability his entire life, it offers little more. Taken together, this evidence, even viewed in the aggregate, is insufficient for "a reasonable mind [to] accept as adequate to support [the] conclusion" that Kidd's disability began only on February 27, 2014. *Biestek*, 139 S. Ct. at 1154 (citation omitted).

### B. A Medical Advisor is Needed to Clarify the Record

Kidd also argues that the lack of medical records between 2009 and 2014 required the ALJ to call a medical advisor to opine on the probable onset date of his illness. Under Social Security Ruling ("SSR") 83–20, an ALJ must "call on the services of a medical advisor" where a claimant alleges a "slowly progressive impairment[]" and it is "necessary to infer the onset date."[1] *Walton v. Halter*, 243 F.3d 703, 708–09 (3d Cir. 2001) (quoting SSR 83–20). That is because "[w]ith slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling" and so "the [ALJ] should call on the services of a medical advisor when onset must be inferred." SSR 83–20, 1983 WL 31249, at *2–3 (1983).

Mental illness may be a "slowly progressive impairment" and Kidd battled with

---

[1] SSR 18–01p replaced SSR 83–20 in October 2018. 83 Fed. Reg. 49613-01 (Oct. 2, 2018). The new regulation "clarifies that an [ALJ] may, but is not required to, call upon the services of a medical expert (ME), to assist with inferring the date that the claimant first met the statutory definition of disability." *Id.* It provides specifically that "[t]he decision to call on the services of an ME is always at the ALJ's discretion." *Id.* at 49616. But we do not apply this new ruling retroactively to Kidd's hearing. *Id.*

severe depression for many years while his life slowly declined. (A.R. 50–66.) A medical advisor could also help clarify the ambiguous onset date. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 549 (3d Cir. 2003). For that reason, the ALJ should have engaged a medical advisor to determine the onset date of Kidd's illness.

The ALJ's determination that Kidd's onset date began only on February 27, 2014, is unsupported by substantial evidence, and the ALJ should have engaged a medical advisor to establish the onset date of Kidd's disability. We therefore vacate the District Court's decision and remand for proceedings consistent with this opinion.